UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>Defendant. | Civil Action No. 26-3516 (JMC) |

**DEFENDANT'S MOTION TO STRIKE**

Defendant the Department of Defense ("Defendant" or "Department"), by and through undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(f) to strike in whole, or in part, Plaintiffs' Complaint in this action arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. By email on November 9, 2026, and pursuant to Local Civil Rule 7(m), undersigned counsel contacted Plaintiffs' counsel to seek Plaintiffs' positions on the relief requested in this motion. In that email, attempting to resolve the issue raised by this motion, counsel also requested that Plaintiffs voluntarily file an amended complaint with the extensive background factual allegations omitted. By return email, counsel for Plaintiffs advised that Plaintiffs oppose this motion, will not voluntarily amend their Complaint, and plan to file an opposition.

**INTRODUCTION**

Large portions of Plaintiffs' Complaint (¶¶ 2, 4–9, 21–39, 43–44) consist solely of immaterial policy advocacy, historical narrative, accusations of discriminatory motive, and inflammatory attacks on Secretary Hegseth. Those "immaterial, impertinent, [and] scandalous" allegations that have no place in what should be a straightforward FOIA complaint. Instead,

Plaintiffs seek to have Defendant opine in an answer to a FOIA complaint on matters far beyond whether the agency has properly met its obligations under the FOIA by turning a records request dispute into a collateral attack on military policy, personnel decisions, physical-fitness standards, and the qualifications or motives of persons involved in reviewing women's service in combat roles. Accordingly, the Court should strike Plaintiffs' Complaint with leave afforded to Plaintiffs to refile with these unnecessary sections and paragraphs omitted. Alternatively, in the event the Court declines to strike the Complaint in full and direct Plaintiffs to refile, the Court should issue an order striking these immaterial sections from the existing Complaint. *Compare* Compl. ¶¶ 2, 4–9, 21–39, 43–44, *with* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

## BACKGROUND

Plaintiff, who through this action seeks records relating to Defendant's "commissioning a formal review of women's 'effectiveness' in combat roles and drafting of internal plans for modifying the physical eligibility standards for combat jobs," *see, e.g.*, Compl. ¶ 2 (citing Exhibit 1 (EFF No. 4-1)), need only "plausibly allege 'that [the Department of Defense] has (1) improperly; (2) withheld; (3) agency records'" in response to a procedurally complaint FOIA request, all without attempting to negate any potential affirmative defense. *See Khan v. Dep't of Homeland Sec. ("Khan I")*, Civ. A. No. 22-2480 (TJK), 2023 U.S. Dist. LEXIS 170712, at *11 (D.D.C. Sep. 25, 2023) (quoting *Citizens for Resp. & Ethics in Wash. ("CREW") v. United States*, 922 F.3d 480, 486 (D.C. Cir. 2019)).[1]

---

[1] In a subsequent decision, the court reconsidered in part its striking of certain background information related to "the identity of the officers involved [in the incident], whether data was extracted from [a] cell phone and shared with other agencies, and whether . . . a statement [was provided] to the officers "because those allegations "could be relevant to whether [the agencies] have adequately searched for relevant records." *Khan v. Dep't of Homeland Sec.*, Civ. A. No. 22-2480 (TJK), 2024 U.S. Dist. LEXIS 163952, at *13–14 (D.D.C. Sep. 12, 2024). Here, however,

Rule 12(f) recognizes that a complaint is not a vehicle for attacking political adversaries or waging public relations campaigns. *See* Fed. R. Civ. P. 12(f)("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Like its counterpart in Rule 8, it recognizes that "simplicity, conciseness and directness" are the hallmarks of modern pleadings. *See Clyde v. Broderick*, 144 F.2d 348, 350 (10th Cir. 1944); *see also* Fed. R. Civ. P. 8. Yet Plaintiffs devote much of their 29-page Complaint—which includes a total of 52 footnotes—to irrelevant or impertinent facts to gratuitously launch political attacks and social commentary before first alleging facts in paragraph 45 that actually pertain to the FOIA requests at issue in this case. *See* Compl. (ECF No. 1) at 1–19. Specifically, Plaintiffs improperly use their Complaint as a vehicle for political commentary and critiques of Secretary of the Department of Defense, *see id.* ¶¶ 4–9, 21, 37–39, 43–44, in addition to approximately six full pages of exposition on the history of women in the United States military, *see id.* ¶¶ 22–36.

These allegations do not help resolve whether the Department improperly withheld agency records. They instead accuse the Secretary of "documented hostility," "biased rhetoric," reliance on "archaic stereotypes," a campaign of purging senior women leaders, and adherence to a hyper-masculine conception of physical strength. Because these allegations are immaterial and impertinent to Plaintiffs' claims, the Court should strike the Complaint in full and grant Plaintiffs leave to refile or, at a minimum, strike these paragraphs under Rule 12(f). If Plaintiffs wish to air their purported concerns and conduct public relations for their organizations, the place for that is elsewhere. It is certainly not in a complaint for civil action under the FOIA.

---

Plaintiffs' FOIA request does not concern any equivalent incident as to which such information might be relevant.

## LEGAL STANDARDS

### I. <u>Rule 12(f)</u>

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to give the defendant fair notice of what the claim is and the grounds on which it rests. Fed. R. Civ. P. 8(a)(2); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(f) is "the Court's means of enforcing Rule 8, which requires, among other things, that a pleading 'contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief' and that '[e]ach allegation . . . be simple, concise, and direct.'" *Khan v. Dep't of Homeland Sec. ("Khan II")*, Civ. A. No. 22-2480 (TJK) 2024 U.S. Dist. LEXIS 163952, at *22 (D.D.C. Sep. 12, 2024) (quoting Fed. R. Civ. P. 8(1)(2), (d)(1)).

Accordingly, Rule 12(f) provides the Court discretion to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f); *Makuch v. FBI*, Civ. A. No. 99-1094 (RMU), 2000 U.S. Dist. LEXIS 9487, at *5–6 (D.D.C. Jan. 7, 2000) ("Immaterial and impertinent matter is matter that is not materially relevant to any pleaded claim for relief or defense."); *see also Achagazai v. Broad Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015) ("When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules.").

In considering a motion to strike under Rule 12(f), "the court will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike." *Aftergood v. CIA*, 355 F. Supp. 2d 557, 565 (D.D.C. 2005) (noting that Rule 12(f) "does not by its terms require the striking of matters that are prejudicial . . . [but], because courts view motions to strike with such disfavor, many courts will grant such motions only if the portions sought to be

stricken are prejudicial or scandalous"); *see also* 5C Wright & Miller's Federal Practice & Procedure § 1382 (3d ed. 2026) (explaining that a motion to strike will also "be denied if the allegations might serve to achieve a better understanding of the plaintiff's claim for relief").

**ARGUMENT**

For Plaintiffs' claims in this action, the Court must evaluate whether the Complaint's allegations "could be relevant to whether Defendant[] have adequately searched for relevant records" or otherwise violated their obligations under the FOIA. *See Khan II*, 2024 U.S. Dist. LEXIS 163952, at *13 (citation omitted). Plaintiffs' Complaint does not comply with Rule 8. Instead it contains an excessive amount of immaterial, impertinent, and scandalous allegations wholly unrelated to the validity of their claims. Although motions to strike are generally disfavored, "if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994). As explained below, that is precisely the outcome justified here when viewing Plaintiffs' Complaint, as Plaintiffs' Complaint is squarely appropriate for granting Defendants motion as it "is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Khan II*, 2024 U.S. Dist. LEXIS 163952, at *14 (quoting *Cobell v. Norton*, 224 F.R.D. 1, 2 (D.D.C. 2004)) (internal quotation marks omitted).

**I. <u>Plaintiffs' Complaint Violates Rule 8, and It Should Be Stricken</u>**

FOIA complaints are no exception to this Rule 8's requirements. *Khan I*, 2023 U.S. Dist. LEXIS 170712, at *23–24 (striking as immaterial to a FOIA complaint allegations relating to the requester's motive for requesting the records and because the agency would be "prejudice[d] . . with having to respond to them"). This case concerns Plaintiffs FOIA requests seeking "records related to [Defendant]'s commissioning a formal review of women's 'effectiveness' in combat roles . . . and drafting internal plans for modifying the physical eligibility standards for combat

jobs." *See, e.g.*, Compl. ¶ 2. Thus, Plaintiffs' Complaint should be straightforward. *See Forestwatch v. Forest Serv.*, 775 F. Supp. 3d 353, 371 (D.D.C. 2025) ("[A] typical complaint need allege only that the plaintiff filed a FOIA request, exhausted administrative remedies or waited the required period of time, and did not receive a satisfactory response from the agency."). These simple requirements underscore how out-of-bounds Plaintiffs have gone by filing such voluminous irrelevant, scandalous, and impertinent material in their Complaint. Despite the straightforward nature of this FOIA action, Plaintiffs' Complaint totals 82 paragraphs across 28 pages and includes 52 footnotes. In reaching that length, Plaintiffs include a host of "immaterial, impertinent, [and] scandalous" allegations that have no place in or relevance to this litigation, *see* Compl. ¶¶ 2, 4–9, 21–39, and 43–44, and none of those allegations are material to Plaintiffs' claims. *See Jacobs v. Friedman*, Civ. A. No. 07-1625 (RBW), 2008 WL 11515638, at *4 (D.D.C. July 2008) (cautioning that under Rule 12(f), a plaintiff shall "refrain from making sensational accusations against any of the defendants or any third parties unless the allegations are relevant to the plaintiffs' claims").

### A. Plaintiffs Use Their Complaint to Assert Improper Social and Policial Commentary, Including Impertinent Critiques of the Secretary

A significant portion of Plaintiffs' Complaint contains immaterial and impertinent matter to Plaintiffs' FOIA claims here, and therefore it should be stricken. For example, after properly alleging submission of their August 19, 2026 FOIA request to Defendant, Plaintiffs allege that "[t]hese actions are widely interpreted as preludes to the implementation of policies intended to curtail women's decade-long integration in ground combat arms by providing dubious "science" to confirm the biased rhetoric of Secretary of Defense Pete Hegseth." *See* Compl. ¶ 2; *see also, e.g.*, *id.* ¶ 4 ("In his roughly eighteen-month tenure, Secretary Hegseth has openly denigrated the services of active-duty women and veterans[.]"); *id.* ¶ 38 (stating that "[i]n his tenure as Secretary of Defense, Hegseth has taken a series of actions reflecting hostility to servicewomen" followed

by two pages of immaterial allegations for this single paragraph). But none of these paragraphs speak to the nature of the underlying claim—whether the Department has failed to comply with its obligations under FOIA.

These are just a sample of the immaterial, impertinent, and scandalous allegations that Plaintiffs assert in their Complaint seeking to air their grievances with the Secretary. *See also id.* ¶¶ 5–9, 21, 37, 39. Plaintiffs also improperly use their Complaint to provide expansive exposition on the history of women's military service. *See id.* ¶¶ 22–36. Finally, the excessive breadth of Plaintiffs' Complaint and the volume of immaterial content within is further demonstrated by the first fifty-one of the fifty-two footnote citations included. *Compare* Compl. at 1, 7–19 nn.1–51 (containing dozens of citations to support the paragraphs that should be stricken), *with id.* at 23 n.52 (alleging that Plaintiffs also sent a FOIA request to the Defense Finance Accounting Service). *Contra* LCvR 5.1(d).

### B. None of These Paragraphs in Plaintiffs' Complaint Are Relevant to This Action Arising Under the FOIA, and Should Therefore Be Stricken

Courts commonly grant relief when the allegations challenged to be immaterial are "also prejudicial or scandalous." *Nugent v. Unum Life Ins. Co. of Am.*, 752 F. Supp. 2d 46, 51 (D.D.C. 2010) (citations omitted). "A matter is immaterial or impertinent when it is not relevant to the resolution of the issue at hand," and a matter is "scandalous" when it "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *See Jud. Watch, Inc. v. Dep't of Com.*, 224 F.R.D. 261, 263 (D.D.C. 2004) (citations omitted); *see also Uzlyan v. Solis*, 706 F. Supp. 2d 44, 51–52 (D.D.C. 2010).

These immaterial, impertinent, and scandalous allegations in Plaintiffs' Complaint are "not materially relevant to any pleaded claim for relief or defense." *See Makuch*, 2000 U.S. Dist. LEXIS 9487, at *5–6 (citing *Wiggins*, 853 F. Supp. at 458). Nor are the challenged paragraphs in

Plaintiffs' Complaint relevant in any way to their claims. *See Payne v. Howard*, 75 F.R.D. 465, 468 (D.D.C. 1977) (striking material that had "no bearing . . . on any material issue involved in the present proceeding"); *accord Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 U.S. Dist. LEXIS 33793, at *33 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that the plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims"). Furthermore, Plaintiffs attacks on the Secretary's character are especially appropriate to be stricken. *See Pigford v. Veneman*, 215 F.R.D. 2, 4–5 (D.D.C. 2003) (striking accusations unsupported by facts or evidence, constituted harassment, and were scandalous); *see also Cobell v. Norton*, 377 F. Supp. 2d 4, 7–8 (D.D.C. 2005) (collecting cases).

The recounting of decades of military and legislative history concerning women's service, prior combat restrictions, the Iraq and Afghanistan conflicts, earlier integration studies, and the eventual opening of combat positions to women are similarly improper. *See* Compl. ¶¶ 21–36. That history does not address whether Defendant possesses responsive records, performed an adequate search, made a timely determination, properly invoked any exemption, or wrongfully assessed fees. Instead, it supplies background for a broader policy dispute over women in the military. Those allegations do not support the claims Plaintiffs brings to the Court; they are "simply irrelevant" to the asserted causes of action under the FOIA. *See Wiggins*, 853 F. Supp. at 458.

Many of Plaintiffs' allegations are also prejudicial. Plaintiffs assert accusations of scientific dishonesty and personal bias at the outset of their Complaint, even though those issues have no bearing on whether Defendant complied with its disclosure obligations under the FOIA. *See* Compl. ¶¶ 4–9. Plaintiffs further accuse the Secretary of "antipathy" toward women and of conducting a campaign of purging senior women leaders from the military and characterize his tenure as one emphasizing "a hyper-masculine conception of physical strength" that is "untethered

from scientific validation." *See id.* ¶¶ 37–39. These allegations directly impugn the Secretary's motives and moral character. They do not allege anything relevant to Defendant's processing of Plaintiffs' FOIA requests. Therefore, they have no proper role in a FOIA case. *See Khan I*, 2023 U.S. Dist. LEXIS 170712, at *23–24; *Cobell*, 377 F. Supp. 2d at 7–8; *Pigford*, 215 F.R.D. at 4–5.

Paragraph 43 challenges the qualifications of the laboratory conducting the formal review, while paragraph 44 recounts a congressional exchange in which Secretary Hegseth allegedly did not answer whether the review had been ordered to justify reversing existing policy. Those allegations concern the merits and purported purpose of the underlying review. Not whether Defendant improperly withheld records or failed to yet process Plaintiffs' requests. Furthermore, the Complaint separately identifies records concerning the laboratory's selection, the review's design, and related communications among the requested categories. *See* Compl. ¶ 45. Thus, Plaintiffs may litigation whether Defendant has wrongfully withheld those records without litigating whether the laboratory is qualified

The FOIA is not an avenue for Plaintiffs to ask the Court to evaluate the merits of military personnel policies or the Secretary's alleged motives. As held in *Wiggins*, 853 F. Supp. at 458, allegations that do not support a plaintiff's causes of action and are irrelevant and prejudicial may be stricken. Because these paragraphs attribute hostility, bias, and discriminatory conduct to the Secretary, they impose the type of prejudice that warrants striking the allegations. Forcing Defendant to answer the voluminous and extensive paragraphs containing these improper allegations would prejudice Defendant, and it would force Defendant to opine on matters completely unrelated to whether it has complied with its obligations under the FOIA. *See Jud. Watch*, 224 F.R.D. at 264 (striking as scandalous, impugning statements that were "an obvious attempt to impugn the character of persons employed by the defendant" because those allegations

"do not constitute facts that inform the Court's decision"). Accordingly, Defendant respectfully requests that the Court grant this motion and order Plaintiffs to refile their Complaint with the improper paragraphs identified herein removed.

## II. If the Court Does Not Strike Plaintiffs' Complaint and Grant Leave to Refile, It Should Still Strike the Improper Paragraphs

As recounted above, Plaintiffs have filled their complaint with irrelevant background, and inflammatory allegations against Secretary Hegseth. The immateriality and scandalous nature of Plaintiffs' allegations alone independently warrant striking their Complaint. When combined together, they should compel that result. *See Achagzai v. Broad Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015) ("When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules."); *see also Wiggins*, 853 F. Supp. at 457.

Striking matters from a pleading are an exceptional remedy and the moving party bears a substantial burden. *See Act Now to Stop War & End Racism Coal. v. District of Columbia*, 286 F.R.D. 117, 125 (D.D.C. 2012). This motion meets that burden because the challenged allegations are not merely unnecessary details. They introduce an extensive and inflammatory collateral controversy into a case alleging failure to process and disclose records under the FOIA. If the Court finds that striking the Complaint and offering Plaintiffs the opportunity to refile is unnecessary, then Defendant respectfully requests in the alternative that the Court strike paragraphs 2, 4–9, 21–39, and 43–44. *See* Order (ECF No. 15) at 6–7, *Freedom of the Press Found. v. Dep't of Just.*, Civ. A. No. 25-2432 (RBW) (D.D.C. Sep. 24, 2026) (striking only the paragraphs found to be "facially immaterial to the plaintiff's FOIA request"). Paragraphs 2, 4–9, 21–39, and 43–44 are not relevant to Defendant's processing of Plaintiffs' FOIA requests, *see Khan II*, 2024

U.S. Dist. LEXIS 163952, at *13–14, and therefore—at a minimum—those allegations should be stricken, *see* Fed. R. Civ. P. 12(f).

**CONCLUSION**

For these reasons, Defendant respectfully requests that the Court issue an order striking Plaintiffs' Complaint with leave to refile in accordance with the requirements of Rule 8. Alternatively, the Court should issue an order striking paragraphs 2, 4–9, 21–39, and 43–44 within Plaintiffs' existing Complaint. Two such proposed orders are attached hereto.

Dated: November 16, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ Zachary C. Simons*
ZACHARY C. SIMONS
DC Bar No. 1736166
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 730-6967
zachary.simons@usdoj.gov

*Attorneys for the United States of America*